IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANDRES ESQUILIN-MORALES<br><br>PLAINTIFF<br>v.<br><br>HEMCO ELEMECH CORP.; HEMCO ELECTRICAL CORPORATION; MIGUEL DE LA SOTA<br><br>DEFENDANTS | CIVIL NO. 15-1314<br><br>RE: AGE DISCRIMINATION IN EMPLOYMENT ACT, LAW NO.100 OF JUNE 30, 1959; LAW NO. 80 OF MAY 30, 1976<br><br>DAMAGES EQUITABLE AND INJUNCTIVE RELIEF<br><br>TRIAL BY JURY |

## COMPLAINT AND DEMAND FOR JURY TRIAL

TO THE HONORABLE COURT:

NOW COMES the Plaintiff, through the undersigned attorney, and very respectfully alleges states and prays:

### INTRODUCTION

1. ANDRES ESQUILIN-MORALES (Esquilin or the Plaintiff) brings this action under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621 et seq., seeking damages as a result of the Defendants' discrimination against plaintiff due to his age, and his discharge, in

1

violation of the ADEA, Puerto Rico's Law No. 100 of June 30, 1959, as amended, and Law No. 80 of May 30, 1976.

## JURISDICTION

2. Jurisdiction of this action is conferred upon the Court by 29 U.S.C. Sec. 633a (c) and 29 U.S.C. 1132 (e), as well as under 28 U.S.C. 1331.

3. This Court's exercise of supplemental jurisdiction is invoked pursuant to 28 U.S.C. 1367 to hear the Commonwealth law claims because these arose from the same nucleus of operative facts.

4. Venue is proper in this district pursuant to 28 U.S.C. 1391 (b) (1) and (2).

5. All conditions precedent to jurisdiction under 29 U.S.C. 633a and 29 U.S.C. 626 have occurred or have been complied with:

   a. A charge of employment discrimination on the basis of age discrimination was timely filed with the Puerto Rico Department of Labor Anti-Discrimination Unit and the Equal Employment Opportunity Commission ("EEOC"). The charge was filed on September 15, 2014.

   b. After proceedings at the Department of Labor, the parties could not solve their differences.

   c. The EEOC issued Right-to-sue letter in the EEOC charge on March 12, 2015 that was received by plaintiff after March 12, 2015.

   d. This complaint is being filed within 90 days of receipt of the "EEOC" right-to-sue letter.

6. All the discriminatory employment practices alleged herein were committed within

the Commonwealth of Puerto Rico.

7. Defendant HEMCO ELEMECH CORP. (hereinafter referred to as "HEC") is a corporation duly organized under the laws of the Commonwealth of Puerto Rico.

8. Defendant HEMCO ELECTRICAL CORPORATION (hereinafter referred to as "HECORP") is a corporation duly organized under the laws of the Commonwealth of Puerto Rico.

9. HEC and HECORP are "persons" within the meaning of 29 U.S.C. 630 (a).

10. MIGUEL DE LA SOTA is a "person" within the meaning of Puerto Rico's Law No. 100 of June 30, 1959.

11. Each defendant employs 20 or more employees and is considered "employer" within the meaning of 29 U.S.C. 630 (b).

12. Defendants are engaged in an industry affecting commerce within the meaning of 29 U.S.C. 630 (h).

13. Defendants are a single employer for labor purposes. HEC and HECORP have the same owner: MIGUEL DE LA SOTA. Employees who were under the payroll of HEC and HECORP provided in turn services to HEC and HECORP indistinctly. Plaintiff, while under HEC, performed duties related to HECORP and the other way around. While performing these duties to one the mentioned corporations, his supervisors were from the other corporation.

14. The administration of defendants is common. HEC and HECORP are administrated both by Miguel de la Sota. Defendants operate from the same premises. The administration falls under the same hands.

15. The labor relations are centralized. Among other things, the employees of the

defendants shared and share common personnel policies. The important labor decisions related to all defendantsø employees are taken by the same people, including the decision to terminate plaintiff.

16. HEC is a successor employer of HECORP. Plaintiff began to work under the payroll of HECORP and later was transferred to HECø payroll. The operations, personnel, administration, polices and production continued to be the same as they were in HECORP before the transfer to HEC. There was no change in operation, neither interruption of the operations between HEC and HECORP.

## THE NARRATIVE

17. Esquilin is 67 years old and was born on February 15, 1947.

18. Esquilin Plaintiff started working for Defendants in 1974 until August 29, 2014, when he was discharged from his employment. At this moment he was occupying the position of foreman. The other foremen were Orlando Nunez, approximately 30 years old, David Valentin, approximately 40 years old, and Jesus Diaz, approximately 25 years old. They all had less seniority and experience that Esquilin.

19. Esquilin was always an excellent, capable and dedicated employee. Esquilin had an excellent and spotless service record.

20. When discharged, Esquilin was falsely informed that he was being discharged due to reduction in force. However, the other persons who also were foremen, Orlando Nunez (approximately 30 years old), David Valentin (approximately 40 years old) and Jesus Diaz ( approximately 25 years old), were not discharged even though they had less seniority and experience than Esquilin.

21. Esquilin's duties were later given to a substantially younger employee, who substituted Esquilin.

22. Defendant, Miguel de la Sota, owner of HEC and HECORP and the person who decided to discharge Esquilin, was getting rid of the elder employees of the defendant, incuding Esquilin, due to their age. Defendants had discharged Balty Torres, of about 62 years old, Jose Rodriguez, of about 62 years old, and William Bernard of the same age. De la Sota, duringb the last months, would not look at Esquilin, neither talked to him, for no reason.

23. These actions and the fact that the defendant did not suffer a reduction in force led Esquilin to conclude that his discharge was due to his age.

24. Esquilin was in the age group protected by the ADEA; he was discharged; at the time of his discharge, he was performing his job at a level that met his employers' legitimate expectations; and he was replaced by a substantially younger employee.

25. Defendants provided a preferential treatment to those employees substantially younger than Esquilin in terms of benefits and conditions of employment.

26. Defendants' conduct is the proximate cause of all of Esquilin's damages.

## FIRST CAUSE OF ACTION

27. Esquilin repeats and realleges each and every preceding allegation as if fully set herein.

28. Defendants' conduct against Esquilin constitute discrimination on the basis of age in violation of the ADEA.

29. As a proximate result of the defendants' discriminatory practices, Esquilin has suffered intensely, has been deprived of his means of livelihood and has been emotionally

devastated.

30. Defendants are liable to Esquilin for compensatory and emotional damages, back pay, loss of income, salaries and benefits, and he is entitled to be reinstated to his former position, which he held prior to his discriminatory discharge, and/or front pay in lieu of reinstatement until age 70.

## SECOND CAUSE OF ACTION

31. Esquilin repeats and realleges each and every preceding allegation as if fully set herein.

32. Defendants' discriminatory conduct constitutes a willful violation of the ADEA and as a result thereof the defendants are liable to Esquilin for liquidated damages.

## THIRD CAUSE OF ACTION

33. Esquilin repeats and realleges each and every preceding allegation as if fully set herein.

34. Defendants' conduct constitutes discrimination on the basis of age in violation of Law No. 100 of June 30, 1959, as amended and as a result thereof defendants are liable to Esquilin for compensatory and double damages.

## FOUTH CAUSE OF ACTION

35. Esquilin repeats and realleges each and every preceding allegation as if fully set herein.

36. Esquilin was employee in commerce and industry for defendants, for which he

worked for compensation under contract without a fixed period of time.

37. Defendants discharged Esquilin from his employment in violation of 29 LPRA Section 185a et seq., which entitles him to the approximate amount of $58,300.00.

## TRIAL BY JURY

38. Plaintiff demands that the instant action be tried before a jury.

## PETITION FOR RELIEF

**WHEREFORE,** all premises considered, Plaintiff prays that judgment be entered in her favor and against Defendant including the following relief:

a. An order directing the Defendants to reinstate Esquilin to his employment or an award of front pay until age 70 in lieu of reinstatement and to cease and desist of any discriminatory conduct due to his age.

b. Back pay, together with interest.

c. Lost benefits and salaries both, past and future.

d. Severance pay under 29 LPRA Section 185a.

e. An award of liquidated damages equal to twice the back pay lost by Esquilin.

f. An award of compensatory damages for the emotional suffering and distress resulting from Defendant discriminatory discharge in an amount not less than $500,000.00.

g. An award of double compensatory damages and back pay pursuant to Law No. 100.

h. Attorney's fees and costs pursuant to 29 USCA 1132 (g).

i.  An award of attorney's fees, together with costs and necessary disbursements.

j.  Any other remedy that this Court may deem just and proper.

RESPECTFULLY SUBMITTED

In San Juan, Puerto Rico, this 27th day of March 2015.

S/Manuel Durán-Rodríguez
MANUEL DURAN-RODRIGUEZ, ESQ.
USDC- PR No.204512
MANUEL DURAN LAW OFFICE
1139 AMERICO MIRANDA AVE.
SAN JUAN, PUERTO RICO 00921
TEL. (787) 781-7373
FAX (787) 781-7771
Mduranlaw@aol.com